IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONALD W. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07cv81-WKW |
| | ) (WO) |
| SHERIFF JAY JONES, | ) |
| | ) |
| Defendant. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, it is

ORDERED that the motion be and is hereby GRANTED.

Plaintiff Donald Jones filed this action against defendant Sheriff Jay Jones alleging that Sheriff Jones harassed him. Jones requests that this court stop the harassment and order that state criminal charges against him be dropped. Upon review of the complaint, the court concludes that dismissal of this case is proper under under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1] Rather than interpret what the plaintiff says in his complaint, the court will quote from it.

> Prior to leaving my residence at 295 Lee Road 283 Salem Alabama 36874 I reported Ms. Colsen Guy the above corruption in the Sheriff's Dept "Sweetheart" road paving deals for local hwy real estate people etcetera. An incident occured at Sears Roebuck in Alabama since Sears would not honor

---

[1] These sections allow dismissal of a case at any time, regardless of the payment of any filing fee, if the court determines that the action is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from this relief.

a warranty on a stereo. I was taken to a Lee County jail holding cell, harassed and abused mentally & physically my wife was forced by a Ms. Sistrunk to go back home 5 times to get proof of ownership of real estate in order to be able to post bond. My watch was broken purposefully and I was not allowed to wash the fingerprint ink from my hands and when I got home and took a shower having forgotten the fingerprinting the ink damaged my eyes. I left Alabama on 8-3-05 because my relatives stole my SS disability check and was being harassed by Lee County deputies in particularly a Sgt. Jusa who initially refused to let me swear out a warrant against one Marcos Stott whom I'm convinced Daniel Salazar hired to complete this theft. Because I had no ID I couldn't get any meds and ended up in the mental ward of a hospital in Panama City, Fla. . . . When I left home I went by Judeg Lane's offices on about September 14, 05 - and left the Judge a note stating that I thought something tragic was going to happen and when I returned to Lee County Alabama on 9-2-6 apparently it had and Jay Jones had a more intense vendetta against. . . . I called the Lee County Sheriff's Office numerous times and was told there were no warrants out for me but on about 6 cars pursued me w/flashing lights and I became disoriented and the "pulled me over" because I was driving erratically and put me in jail for FTA . . . I have been very ill, mentally & physically because of all of this . . . Please help me to prevent, Lee County, Russell County, and Chambers County law enforcement from harassing and intimidating me and drop the charges relative to Sears.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss a pro se case if it determines that the case is frivolous or malicious. A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504U.S. 25 (1992). This case is a paradigm of such a case, and it should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This case is also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a pro se complaint if it fails to state a claim on which relief may be granted. The plaintiff seeks relief only against the Sheriff who is immune from suit. "A sheriff is an executive officer of the State of

Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office."[2] *Parker v. Amerson*, 519 So. 442, 442-43 (Ala. 1987). *See also Drain v. Odom*, 631 So. 2d 971, 972 (Ala. 1994). "[U]nder Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity." *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996).

To the extent that the plaintiff seeks to have the criminal charges pending against him dismissed, this court must abstain from considering the merits of the plaintiff's claim. The plaintiff's claims concern criminal charges which are currently pending before the state courts. They are, therefore, not currently appropriate for consideration by this court. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, the

---

[2] There are five exceptions to this general rule, applicable in actions brought

> (1) to compel [the Sheriff] to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Drain v. Odom*, 631 So. 2d 971, 972 (Ala. 1994); *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). None of these exceptions apply in this case.

plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). The plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, he has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that plaintiff must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of plaintiff's claims related to the pending criminal charges.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 18, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of February, 2007.

                                      /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE